May it please the court, my name is Dean Stowers. I represent Mr. Beattie in connection with this appeal of his sentence. I wanted to focus on my limited time today on the issues concerning the government's conduct with respect to their breach of the plea agreement. In this case, the defendant in October of 2017 entered into a plea agreement with the government and entered a guilty plea. Among the provisions in the plea agreement was an agreement by the government that they would recommend that the defendant receive acceptance of responsibility unless he obstructed justice after that or certain other things occurred. The defendant entered his plea under that agreement. An initial offense conduct statement was prepared by the government reciting their version of the facts and what they thought the guidelines were which was 151 to 188 months range with no argument for obstruction and a recommendation for acceptance of responsibility and a three-level reduction. What occurred thereafter was the creative thinking and they came up with a report where they said, aha, we see an event that occurred on the date of Mr. Beattie's initial arrest and a search warrant that was issued all the way back in December of 2015 where he didn't give a passcode to an iPhone, I guess it was at the time, and therefore we think that could be obstruction. We're denial of acceptance of responsibility because of the interrelationship of those things. The government then responded to that in their first inkling that they were going to start backing up from their commitment in the plea agreement and suggested that it would be up to the court to determine whether or not that so-called obstruction occurring in connection with the passcode to the cell phone in December of 2015 was sufficient to warrant a denial of acceptance of responsibility. They also made a statement in there, we're standing by our recommendation, but it will be up to the court to determine that, which is sort of artful language, inviting basically a determination that that was such an egregious event that it should warrant denial of acceptance. And as the court knows, there's a close relationship between obstruction and acceptance where the guidelines say that only in extraordinary cases or exceptional cases would a person get an obstruction increase and also receive a decrease for acceptance. So those two issues are closely related. Following that, the government filed a sentencing memo and they advocated for an obstruction increase along the lines of what probation had suggested. The defendant's attorneys felt that was a breach of the plea agreement because the government was arguing for obstruction. The defendant felt that the government could only argue for obstruction if it had occurred after the date of the plea based on their belief of what the government's position was. So they filed a motion to enforce the plea agreement and declare what the government had did in filing and arguing for obstruction as a breach. The government then, on May 1, and I think this is the critical moment particularly of the events, the government filed a response to that objection to their, or the effort to enforce the plea agreement. And in that response of May 1, they argued that the defendant was not accepting responsibility, even though they had agreed to argue for acceptance responsibility and recommend it. And they argued that in multiple paragraphs and they cited case law with parentheticals and they did this throughout their filing. And then, cutely, I would say, concluded, notwithstanding the defendant's attempt to minimize his criminal culpability, the government affords him the benefit of the doubt. How gracious of them, given that they had a plea agreement that they had already entered into and adheres to its general obligation, which is what they called their agreement to recommend, to ask the court to give him credit for accepting responsibility. But they didn't even cite any facts or basis for their recommendation. But they had gone on for multiple paragraphs arguing against it. And the worst part of it is, perhaps, not only that they made that argument, but that they actually made the argument on a false factual predicate. And their false factual predicate was that the attorney for the government had become somehow confused or became mistaken in believing that the defendant's conduct, in this case, possession of child pornography, had occurred starting in 2013 and carried forward into the latter half of 2015. When, in fact, all of the conduct concerning the possession of child pornography, in this case, occurred in calendar year 2015. And the reason that mattered was the defendant's submissions at sentencing were relating his possession of child pornography to his divorce in 2014, consequent clinical depression, and controlled substance use that followed into 2015 from that. The government took the position, well, he's minimizing because he's not admitting that he actually was committing the offense before those events all the way back to 2013. So they made this argument against acceptance, which, Judge Wolman, you wrote the Thompson case, which we cited in our 28J letter, where you said that type of conduct on the part of the government where they advocate against what they recommend obviously violates the terms of a plea agreement. And they can't get around that violation by simply claiming, oh, we're just telling the court about what the facts are. And in this case, it's even more egregious because those weren't the facts. And the government prosecutor, Mr. Gomer, not Mr. Call, Mr. Gomer, at the sentencing hearing, at pages 21 to 23, said, oops, I was wrong. Sorry. It was just a slip of the paragraph. What happens thereafter, though, is they go forward in the sentencing memo that they filed on May 15, and they affirmatively argue for a denial of acceptance of responsibility. And they claim at that point they're justified in doing it based on something not occurring prior to May 1, but on the defendant's possession of a cell phone while on pretrial release on May 3, two days after they had already violated the plea agreement by making this argument. And under the first breach doctrine ... So what about that? If we were to agree that there was a breach and send it back, wouldn't they be able to seek it based on his violation of his terms of release? Well, I would just say that under the first breach doctrine, which this court recognized in Mosley applies to plea agreements, the government's problem is that they breached it first. So they can't do that. Now, when it goes back on ... There's a little bit more on this error. I understand that from Mosley, right? Yes. But when it goes back, you're not going to ... When it goes back, that's an interesting question. That's a great question. But I don't have a direct answer to probably. But my answer would be this, thinking here on the fly, that the reality is the first thing that happens is ... Because this was really messed up with this argument about the date of 2013 being the offense date, because it kind of bled through the whole thing, that it would go back. It would be re-sentenced in front of a different judge without the government's breach. And we'd sort of take things from the point of their breach forward. And we wouldn't worry about this alleged violation of the pretrial release condition, which frankly I don't think qualifies as a basis to excuse them from the plea agreement obligation to recommend acceptance anyway. As I point out in my brief, that doesn't show a lack of cooperation with probation, which is the language in the plea agreement. And it doesn't qualify under that. And it's not something that we argue as well. But I want to leave a little bit of time anyway for rebuttal, unless you had another question you wanted me to answer right now. Thank you. May it please the court, my name is Andrew Call. I'm an assistant United States attorney out of the Southern District of Iowa. In talking about the alleged breach, it's most important to look at what the plea agreement itself said. We've talked a lot about paragraph 12 of the plea agreement, which said that the government would recommend acceptance of responsibility under certain terms. The government would recommend acceptance of responsibility unless after the plea proceeding, the defendant failed to cooperate truthfully and fully with the United States probation office, attempted to withdraw his plea, or otherwise engaged in conduct not consistent with acceptance of responsibility. That was the only guideline provision mentioned in the plea agreement. There was no discussion in the plea agreement of an obstruction enhancement, whether the government would or would not move for obstruction. There were no other guidelines issues discussed in the plea agreement. In fact, while the defendants in the record have put in email correspondence. But having dealt with these guidelines for a long time, the government certainly was aware that advocating for an obstruction was meant that virtually certain that he would not get the acceptance of responsibility, right? The government is aware that there are situations where, unusual situations where acceptance Very unusual, by the terms of the guidelines themselves. But the obstruction is not addressed in the plea agreement. The plea agreement makes clear that any estimate of the possible sentence to be imposed by a defense attorney, the government is a prediction and not a promise and not binding. The defendant agrees there are no promises made other than the promises in the plea agreement. The defense attorney agrees there is no plea agreement other than the plea agreement set forth in writing. And that plea agreement has nothing to do with obstruction or any of the other adjustments under the guidelines. And that was an intentional decision when at the plea hearing in front of judge, the magistrate judge raised, why aren't you addressing other guideline issues? And the explanation was that that had been taken out of the plea agreement, the prior draft of the plea agreement, at the request of the defendant. The, as this goes on, the government submitted an offense conduct statement, as is the practice in our district, which did not suggest obstruction of justice and did not subject and did suggest acceptance of responsibility. As Mr. Stowers pointed out, the original search warrant, which had been back in December of 2015, the defendant had, he had initially declined to provide pass codes, thumbprints. The state search warrant was procured to compel that. The defendant chose to comply, attempt to comply with that state search warrant and provided a series of false numbers. That providing the series of false numbers in the view of the probation office qualified as obstruction of justice. We did not object to that obstruction in the pre-sentence report. We did not, nor did we endorse it. We took a neutral stand on that. We underlined that we would continue to seek acceptance of responsibility, as we had agreed to in the plea agreement. As things went forward, and if I can jump forward a couple of steps to the incident in May of 2018, where the defendant was found in possession of another cell phone device that he was prohibited from having, he lied about it to the probation office that we think justifies a two-level adjustment for obstruction of justice. But what he also did is he provided a bunch of false pass codes. So now we have a pattern of providing false pass codes for these electronic devices. The district judge found to be not credible the idea that the defendant may have just forgotten these pass codes or had somehow made an honest mistake by providing the wrong information. As we go through this, the government made measured judgments as to what position it would take at sentencing as the facts developed. In response to the draft pre-sentence report, as I indicated, the government indicated it would adhere to the acceptance and it would be neutral as to the obstruction which was based at that time on this false pass code back in December of 2015. By the time that the government filed its obstruction based on that one discrete incident in December of 2015, but we continue to ask for the acceptance of responsibility under 3E1.1. This is what prompted the first motion to compel specific performance. We responded explaining why we felt that was within the terms of the plea agreement and also making some commentary suggesting that certain things that have situation where he might not be getting acceptance of responsibility and that's primarily based on defendant's sentencing exhibits S and T where the defendant was putting on expert testimony that would be seeming to minimize his involvement in the offense and one of the doctor's reports saying that he didn't remember engaging in the offense conduct. Then this home visit occurs on May 3rd. On May 7th, the district judge looking at the strict terms of the plea agreement found that there had been no breach. That's the approach we think this court ought to follow. That was then followed by two days later a bond revocation hearing resulting from this home visit. A second motion to compel specific performance was... In response, I think, to the PSR, the government essentially says, hey, it's up to the court to determine whether there's obstruction and then whether that should result in the denial of acceptance. Isn't that a breach right there? I mean, isn't it getting too cute by half to then go on and say, but we stand by our position? What I read our comment as saying is that we adhere to our agreement to recommend three levels for acceptance responsibility. The court will have to determine, and I don't need to reread what the court has just pointed out. Just tell me why that's not a breach right there. It's leaving the question open. It's declaring... But that's not what the government promised to recommend acceptance, not leave it open. Although our general approach and what was found by the district court judge was that we were recommending acceptance and the district judge had this same material before her and found there was no breach. I see that I'm out of time. I'd ask that the conviction be affirmed. Thank you, Mr. Call. I have 35 seconds left, so I hope... I'll give you a minute. Thank you. I would just go to that point. I think that kind of addresses the December 27 issue, on the capsulization of that that you just had with Mr. Call. Is it your position that even advocating for obstruction, which was not part of the plea agreement, is by itself a breach? That was the first motion for breach that was filed in the trial court level. And their position is that by including reference to obstruction in the stipulation on acceptance, but only limiting the government's right to oppose acceptance if obstruction occurred after the plea agreement, coupled with everything else, meant that the government wasn't going to be arguing obstruction occurred before the plea agreement. And so that it's essentially implied, inferred, and if you look at everything, that seems to be what the government's position was based on their offense conduct statement and everything. So yes, that's our position. But we don't have to win on that point to prevail in this appeal because they violated the specific agreement to recommend acceptance of responsibility when they did what they did on the December 27th communication and the May 1, in particular, filing. And that May 1 filing is particularly egregious because there they're advocating and citing authority opposing acceptance. And what Judge Woolman, you said in the Thompson case, is we're going to look at the essence. Essentially, what did they do? What they really did in the May 1 filing was argued against granting acceptance, citing authorities, and doing all this. That's what they did. We're going to look at the essence of it. The case law says they can't just pay lip service. That's the phrase in these cases. And if law courts do a lip service term search in plea agreements, you can't just do lip service to a plea agreement and then save the day by saying, well, yeah, we pointed out all the reasons why this plea agreement shouldn't be enforced. But we said you should still follow our recommendation and then claim that they're insulated from breach. They aren't. So thank you. I appreciate your time. Hopefully, you'll enjoy the rest of the day. Thank you. Court appreciates your appearance and arguments today and briefing. Case is submitted and will be decided in due course. Mr. Schafer.